IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| **Ashley Brenner,** | ) |
| **Plaintiff,** | ) |
| | ) Civil Action, Case No.: |
| v. | ) |
| | ) JURY DEMANDED |
| **D & S RESIDENTIAL SERVICES, LP,** | ) |
| *A Texas Limited Partnership,* | ) |
| **Defendant.** | ) |

## VERIFIED COMPLAINT FOR
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

**COMES NOW** Plaintiff Ashley Brenner (hereinafter referred to as "Ms. Brenner" or "Plaintiff"), by and through counsel, and brings the following Complaint against Defendant D & S Residential Services, LP (hereinafter "D & S" or "Defendant").

By way of vital prior procedural history, Plaintiff states as follows: On September 21, 2019, Plaintiff joined as opt-in plaintiff an FLSA collective action filed on October 28, 2018 in the United States District Court for the Western District of Tennessee and styled as follows: **Angela Lockhart v. D&S Residential Services, LP, 2:18-cv-02586.** On August 13, 2020, the Court in *Lockhart*, granted Defendant's motion to decertify the collective action, dismissing all opt-ins, including Ms. Brenner, without prejudice.

Plaintiff now brings this action against Defendant D & S Residential Services on her own behalf, asserting the FLSA claims she had intended to bring as opt-in in the *Lockhart* matter.

Wherefore, Plaintiff, for her Complaint against Defendant would state as follows:

1

## NATURE OF THE COMPLAINT

1. Plaintiff brings this cause of action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiff brings this action against D & S for failure to pay Plaintiff for all hours worked, including time-and-a-half for all hours worked over 40 in a workweek, and for related penalties and damages.

3. Defendant's practices and policies were, in the three years preceding Plaintiff's consent to join *Angela Lockhart v. D&S Residential Services, LP*, 2:18-cv-02586 on September 21, 2019, to willfully fail and refuse to pay its Program Supervisors for travel time and for all hours worked, as required under the FLSA.

4. Plaintiff seeks declaratory relief; wages for all hours worked and not compensated; overtime premiums for all hours worked over forty in any given workweek; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

5. Ms. Brenner is an adult resident of Alcoa, Blount County, Tennessee.

6. Ms. Brenner was an employee of Defendant for FLSA purposes during the relevant time period.

7. Defendant D & S Residential Services, LP is a Limited Partnership registered to do business in the State of Tennessee. D & S Residential Services, LP's principal office is in Austin, Texas. D & S Residential Services, LP may be served through its Registered Agent James Burgess at 269 Cusick Road, Suite C2 Alcoa, Tennessee 37701-3193. At all relevant times complained of herein, Defendant was an employer under 29 U.S.C. § 203(e)(1).

Doc ID: 7e239c709509a8207d7ede40865ec5d4ad20321c

## JURISDICTION AND VENUE

8. This action for damages is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* This Court has federal question subject matter jurisdiction pursuant to 29 U.S.C. §§ 216(b) and 217.

9. Defendant is a legal entity and has sufficient minimum contacts with the State of Tennessee such that they are subject to service of process in Tennessee. Therefore, this Court has personal jurisdiction over Defendant.

10. Defendant does business in the Eastern District of Tennessee. Furthermore, a substantial part of the events giving rise to Ms. Brenner's claims occurred in the Eastern District of Tennessee. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in this district.

## FACTUAL BACKGROUND

11. Defendant continuously employed Plaintiff as a Program Supervisor between January 2013 and June 2017.

12. Prior to December 2016, Defendant paid its Program Supervisors on a salary basis as "exempt" employees under the FLSA.

13. Beginning in December 2016 and continuing throughout Plaintiff's employment with the company, Defendant paid its Program Supervisors on an hourly rate basis as "non-exempt" employees under the FLSA.

14. Plaintiff would frequently be called upon after-hours to provide needed supplies for D&S homes by purchasing them at a nearby store and dropping them off at the home. She was not compensated for this travel time to and from the store.

15. Plaintiff was similarly not compensated for travel time when she was required to visit one of her homes after hours to attend to a crisis or fill in for an absent employee.

Doc ID: 7e239c709509a8207d7ede40865ec5d4ad20321c

16. Plaintiff was required to keep her company phone with her at all times, 24 hours per day, 7 days a week.

17. Plaintiff was expected to respond to any work-related requests immediately and at all hours of the day or night.

18. Plaintiff responded to calls after her normal workday concluded almost every day.

19. Because of the Defendant's on-call requirements, Plaintiff was prevented from effectively using her after-hours time for personal pursuits.

20. Defendant thus failed and refused to pay Plaintiff for all hours worked and overtime premiums for all hours worked over forty in any given workweek.

## FAIR LABOR STANDARDS ACT VIOLATIONS

21. Plaintiff re-allege and incorporate herein the allegations contained in Paragraphs 1 through 20 as if they were set forth fully herein.

22. Upon information and belief, at all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

23. Upon information and belief, at all relevant times, Defendant employed "employee[s]," including Plaintiff.

24. Upon information and belief, at all relevant times, Defendant had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

## COUNT I: Failure to compensate for travel time

25. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 24 as if they were set forth fully herein.

26. Employers need not compensate employees for travel time to and from the place of

Doc ID: 7e239c709509a8207d7ede40865ec5d4ad20321c

performance of the principal activity or activities an employee is expected to perform. 29 U.S.C. § 254(a).

27. However, "if an employee who has gone home after completing [her] day's work is subsequently called out at night to travel a substantial distance to perform an emergency job for one of [her] employer's customers all time spent on such travel is working time." 29 C.F.R. § 785.36

28. Plaintiff was frequently called to D & S homes as an emergency backup after having completed her day's work and returning home.

29. Defendant failed to pay Plaintiff for "off-the-clock" time spent traveling to and from D&S properties.

30. Because this travel time was effectively work-time under the FLSA supporting regulations, Defendant violated the FLSA by failing to compensate Plaintiff for every hour of work-related travel time, and owes Plaintiff just compensation.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of the law.

### COUNT II: Failure to compensate for "on-call" hours

32. Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 31 as if they were set forth fully herein.

33. An employee who is required to remain on call must be compensated for such time if she "cannot use the time effectively for [her] own purposes." 29 C.F.R. § 785.17; *Adair v. Charter County of Wayne*, 452 F.3d 482, 487 (6th Cir. 2006).

34. Plaintiff was required to keep her company phone with her at all times, 24 hours per day,

Doc ID: 7e239c709509a8207d7ede40865ec5d4ad20321c

7 days a week.

35. Per Defendant's clear expectations, Plaintiff routinely performed after-hours work, including answering emergency phone calls and texts at all hours of the night and addressing the related crises, including medical emergencies and staffing shortages.

36. Plaintiff was expected to respond to any work-related requests immediately and at all hours of the day or night.

37. Because of Defendant's on-call requirements, Plaintiff's life was severely disrupted and she was prevented from effectively using her after-hours time for personal pursuits.

38. Because on-call time was effectively work-time under the case law and FLSA supporting regulations, Defendant violated the FLSA by failing to compensate Plaintiff for every hour during which she was on call, and owes Plaintiff just compensation.

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Judgment against Defendant that its violations of the FLSA were willful;

3. Pre-Judgment and Post-Judgment interest, as provided by law;

4. An award of money damages for unpaid wages, including liquidated damages, pre-judgment and post-judgment interest, and penalties in an exact amount to be determined at trial;

6

Case 3:20-cv-00401-JRG-HBG   Document 1   Filed 09/09/20   Page 6 of 9   PageID #: 6

Doc ID: 7e239c709509a8207d7ede40865ec5d4ad20321c

5. Award Plaintiff costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

6. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Respectfully submitted,

s/Philip Oliphant
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 025990 (to be admitted *pro hac vice*)
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
844.445.2387 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

7

Doc ID: 7e239c709509a8207d7ede40865ec5d4ad20321c

**DECLARATION AND VERIFICATION IN SUPPORT OF COMPLAINT**

I, Ashley Brenner, verify and declare that the facts stated in the forgoing Verified Complaint for violation of the Fair Labor Standards Act are true to the best of my knowledge and belief, and that the Complaint was not made out of levity or by collusion with Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

*/s/ Ashley Brenner*
_____
Ashley Brenner



# Audit Trail

| | |
|---|---|
| **TITLE** | Brenner -Complaint to review/verify |
| **FILE NAME** | Brenner - D&S Complaint.pdf |
| **DOCUMENT ID** | 7e239c709509a8207d7ede40865ec5d4ad20321c |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT** — **09 / 09 / 2020** 14:14:57 UTC-6 — Sent for signature to Ashley Brenner (abrenner12406@yahoo.com) from jlc@cronelawfirmplc.com
IP: 73.177.108.241

**VIEWED** — **09 / 09 / 2020** 15:06:41 UTC-6 — Viewed by Ashley Brenner (abrenner12406@yahoo.com)
IP: 24.151.223.165

**SIGNED** — **09 / 09 / 2020** 15:07:18 UTC-6 — Signed by Ashley Brenner (abrenner12406@yahoo.com)
IP: 24.151.223.165

**COMPLETED** — **09 / 09 / 2020** 15:07:18 UTC-6 — The document has been completed.

Powered by HELLOSIGN